IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUY LEONARD, JR., § | |
| #56768-177, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-734-N-BK |
| § | |
| WARDEN FCI PEKIN, § | |
| RESPONDENT.[1] § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Petitioner paid the $5 filing fee. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

On March 27, 2024, the Court liberally construed Petitioner Guy Leonard's *pro se* letter request (in No. 3:18-CR-9-N-1) to raise a habeas corpus claim under 28 U.S.C. § 2254, and issued a deficiency order in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003). In response, Leonard filed a § 2254 petition that selects "other" as the ground for relief, and alleges, *in toto*, "federal jail credit time." Doc. 6 at 2-3. Leonard specifies no other ground for relief, nor does he proffer any supporting facts. Doc. 6 at 6-7. *See* Rule 2(c), of the Rules

---

[1] Because the Court construes the petition as one under 28 U.S.C. § 2241, the style is modified to reflect the Warden of FCI Pekin as the Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas petition under § 2241 is "the person who has custody over [the petitioner]."). However, Petitioner may object to this modification within the 14-day statutory objection period.

Governing Section 2254 Proceedings (requiring the petition to "specify all the grounds for relief available to the petitioner" and to "state the facts supporting each ground."). Thus, based on the scant pleadings before it, the Court can only assume again that Leonard intends to challenge the award of time credits.

To the extent that Leonard challenges his federal jail time credit, his claim is cognizable under 28 U.S.C. § 2241. The proper method for challenging the execution of a sentence and for contesting the calculation of a sentence by the Bureau of Prisons ("BOP") is through a habeas corpus petition under 28 U.S.C. § 2241. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). However, such petition must be filed in the district in which the petitioner is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 & n.3 (5th Cir. 2001) (district of incarceration is the only district with jurisdiction to entertain a § 2241 habeas petition).

Because Leonard is confined within the Bureau of Prison in Pekin, Illinois, the Court lacks jurisdiction to consider his construed § 2241 habeas petition. As such, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on June 6, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).